UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN M. PANELL,<br><br>    Plaintiff,<br><br>    v.<br><br>SACRAMENTO COUNTY SHERIFF'S DEPARTMENT,<br><br>    Defendant. | No. 2:13-cv-368-EFB P<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect twenty percent of the preceding month's income credited to plaintiff's prison trust account and forward it to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

/////

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic*, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007). However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting *Bell Atlantic*, 127 S.Ct. at 1964, in turn quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Erickson*, 127 S. Ct. at 2200, and construe the pleading in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

/////

/////

In his complaint, plaintiff alleges that on September 12, 2012, he fell in the shower at the Rio Consumnes Correctional Institution and was seen by a nurse who referred plaintiff to a doctor at the facility as an emergency patient. Complaint at 2-3. A doctor saw plaintiff the next day and an x-ray was ordered to look for whether plaintiff had suffered a facial fracture. *Id.* at 3. The x-ray results came up negative for a fracture. *Id.* Later, plaintiff saw another doctor and told the doctor to look at his face because there was a visible indentation by his left cheek bone. *Id.* The doctor ordered another x-ray of plaintiff, which came back negative for facial fractures. *Id.* About two-and-half months later, plaintiff was again examined by the doctor and received another x-ray. *Id.* Plaintiff told the doctor again that there was a visible indentation, that it hurt, and that he knew that his cheek bone was broken. *Id.* The x-ray from this examination came back positive for a zygoma fracture. *Id.* Plaintiff later saw another doctor who referred him to an ear, nose, and throat doctor. *Id.* The ear, nose, and throat doctor told plaintiff that if the fracture had been found within two to three weeks after it had occurred, then it could have been easily fixed. *Id.* at 3-4. The doctor explained to plaintiff that to have it fixed now would require plaintiff to undergo a surgery that would be dangerous. *Id.* at 4. Plaintiff still suffers pain from this fracture and now has a visible dent around his left cheekbone and temple areas. *Id.* Plaintiff alleges that the medical services he received were not "proficient enough to get a proper x-ray in time for [him] to have [his] fracture fixed." *Id.* Plaintiff requests relief in the form of compensatory damages and an injunction against defendant requiring it to "fix" its medical services "so this won't happen to someone else." *Id.* at 5. When these allegations are construed liberally,[1] it appears that plaintiff attempts to state a claim for deliberate indifference to his serious medical needs under the Eighth Amendment to the United States Constitution.

The Eighth Amendment prohibits state actors from acting with deliberate indifference to an inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825 (1994). A claim based on deliberate indifference to health or safety has two elements. First, an inmate must show that he

---

[1] "In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

1  was "incarcerated under conditions posing a substantial risk of serious harm." *Id.* at 834.
2  Second, the inmate must show that defendants acted with "deliberate indifference" to that risk.
3  *Id.* Deliberate indifference is shown by proof that a prison official was "both aware of facts from
4  which the inference could be drawn that a substantial risk of serious harm exists" and that he
5  drew the inference. *Id.* at 837. Evidence showing that the defendant officers acted with
6  negligence or even gross negligence will not suffice to meet this standard; the defendant officials
7  must subjectively know of the risk to plaintiff's safety and consciously disregard that risk. *Id.* at
8  835-37.
9      In the context of medical treatment, a cause of action for deliberate indifference arises
10 upon a showing that two elements have been met. First, "the plaintiff must show a 'serious
11 medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further
12 significant injury' or the 'unnecessary and wanton infliction of pain.'" *Jett v. Penner*, 439 F.3d
13 1091, 1096 (9th Cir. 2006) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Next, the
14 plaintiff needs show that the defendant prison official acted with "deliberate indifference," which
15 may be shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible
16 medical need and (b) harm caused by the indifference." *Id.* (citing *McGuckin v. Smith*, 974 F.2d
17 1050, 1059 (9th Cir. 1992)). "Indifference 'may appear when prison officials deny, delay or
18 intentionally interfere with medical treatment . . . .'" *Id.* (quoting *McGuckin*, 974 F.2d at 1059 (in
19 turn quoting *Hutchinson v. United States*, 838 F.2d 390, 392 (9th Cir. 1988)). However, "an
20 inadvertent failure to provide adequate medical care" does not give rise to liability under the
21 Eighth Amendment. *Estelle*, 429 U.S. at 105. "Thus, a complaint that a physician has been
22 negligent in diagnosing or treating a medical condition does not state a valid claim of medical
23 mistreatment under the Eighth Amendment. Medical malpractice does not become a
24 constitutional violation merely because the victim is a prisoner." *Id.* at 106.
25     Here, plaintiff alleges conduct which, if taken a true, establish a claim of medical
26 malpractice. Malpractice alone, however, is insufficient to state a claim under the Eighth
27 Amendment. *Estelle*, 429 U.S. at 105-06. In his complaint, plaintiff alleges that "[t]he medical
28 services were not proficient enough or the technician who took the first two x-rays wasn't

proficient enough to get a proper x-ray in time for me to have my fracture fixed." Complaint at 4. Even when construed liberally, this shows no more than negligence on the part of the medical staff who examined plaintiff. Nowhere in his complaint does plaintiff allege that the medical staff who examined him, or any other officials, purposefully acted to harm plaintiff or purposefully failed to respond to his pain or possible medical need. *See Jett*, 439 F.3d at 1096. Nor does plaintiff allege that the medical personnel were subjectively aware of the alleged risk to plaintiff's health and consciously disregard that risk. *Id.* In short, the complaint fails to include facts, which if true, establish deliberate indifference. Accordingly, the complaint's allegations are insufficient to state a claim under the Eighth Amendment. Furthermore, the allegations-- even liberally construed--are insufficient to demonstrate any other cause of action cognizable under section 1983. Consequently, the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff will be required to file his amended complaint on the form provided with this order. The amended complaint shall not exceed fifteen pages in length, including exhibits and other attachments. In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading

1  no longer serves any function in the case.  Therefore, in an amended complaint, as in an original
2  complaint, each claim and the involvement of each defendant must be sufficiently alleged.
3       Also before the court is plaintiff's April 30, 2013 motion styled as "Motion for the Court
4  to Accept Custody of Released Medical Records."  ECF No. 10.  In this motion, plaintiff requests
5  the court to order the release of plaintiff's medical records necessary for this case because
6  institutional policy prevents him from releasing them to himself.  *Id.*  Construed liberally, it
7  appears that plaintiff's motion is a motion to compel the production of plaintiff's medical records.
8  Such motions are reserved for the discovery period and only after the party seeking to compel
9  certifies that he or she has made a good-faith attempt at obtaining the items sought without court
10 action and was unsuccessful in doing so.  Fed. R. Civ. P. 37(a).  Here, the defendant has not even
11 been served with the complaint.  Accordingly, this discovery motion is denied as premature.
12 Moreover, because the complaint is dismissed for failure to state a claim, this motion is moot.
13      In accordance with the above, IT IS HEREBY ORDERED that:
14      1.  Plaintiff's request for leave to proceed in forma pauperis, ECF No. 11, is granted.
15      2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff
16 is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
17 § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the
18 Director of the California Department of Corrections and Rehabilitation filed concurrently
19 herewith.
20      3. Plaintiff's complaint is dismissed.
21      4. Within thirty days from the date of this order, plaintiff shall complete the attached
22 Notice of Amendment and submit the following documents to the court:
23         a. The completed Notice of Amendment; and
24         b. An original and one copy of the Amended Complaint.
25 Plaintiff's amended complaint shall be on the form provided with this order and shall comply
26 with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local
27 Rules of Practice; the amended complaint must bear the docket number assigned this case and
28 must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with

1   this order will result in a recommendation that this action be dismissed.

2       5. The Clerk of the Court is directed to send plaintiff the court's form complaint for a civil
3   rights action pursuant to 42 U.S.C. § 1983 and accompanying instructions.

4       6. Plaintiff's April 30, 2013 motion styled as "Motion for the Court to Accept Custody of
5   Released Medical Records," ECF No. 10, is denied.

6   DATED: March 31, 2014.

8                   EDMUND F. BRENNAN
                  UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN M. PANELL,<br><br>              Plaintiff,<br><br>       v.<br><br>SACRAMENTO COUNTY SHERIFF'S DEPARTMENT,<br><br>              Defendant. | No.  2:13-cv-368-EFB<br><br><br><br>NOTICE OF AMENDMENT |

    Plaintiff hereby submits the following document in compliance with the court's order filed _____:

    _____          Amended Complaint

DATED:

                                                                  _____
                                                                     Plaintiff